The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK KELLEY, an individual,<br><br>              Plaintiff,<br><br>    v.<br><br>THE BOEING COMPANY, a Delaware corporation, and BRIAN BAIRD, an individual,<br><br>              Defendants. | Case No. 2:18-cv-01808-RAJ<br><br>**ORDER REMANDING ACTION TO KING COUNTY SUPERIOR COURT** |

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. # 14). For the reasons stated below, the Court concludes that it does not have subject matter jurisdiction over this matter. Defendant's Motion to Dismiss (Dkt. # 14) is therefore terminated and this matter is remanded to King County Superior Court.

**I.     BACKGROUND**

The following is taken from Plaintiff's First Amended Complaint (Dkt. # 13), which is assumed to be true for the purposes of this motion to dismiss. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff Patrick Kelley ("Mr. Kelley" or "Plaintiff") was employed by Defendant the Boeing Company ("Boeing") for 32 years, until August

ORDER - 1

2018, when he was terminated. Dkt. # 13 at ¶ 2.2. According to Mr. Kelley, he was terminated in retaliation for statements he gave as a witness in an internal ethics investigation into wage complaints filed by two former Boeing employees. *Id.* at ¶¶ 3.11-3.12.

In November 2017, Mr. Kelley was employed as Boeing's Director of Supplier performance. *Id.* at ¶ 2.35. Part of his responsibilities included assigning individual performance scores ("performance scores") for the employees reporting to him. *Id.* These performance scores heavily impacted employee annual compensation packages and long-term incentive payouts. *Id.* Mr. Kelley reported to Defendant Brian Baird ("Defendant Baird") who was responsible for reviewing and approving all of the performance scores Mr. Kelley assigned. Dkt. # 13 at ¶ 2.36.

In 2017, Mr. Kelley reviewed two Boeing employees, Robert Thornton and Daniel Tulcan (the "employees"). Dkt. # 13 at ¶ 2.37. Mr. Kelley assigned the employees high performance scores, but upon review, Defendant Baird lowered the scores for both employees, resulting in a "significantly reduced" annual compensation package for both men. Dkt. # 13 at ¶ 2.40. After learning of the changes to the employees' performance scores, Mr. Kelley confronted Defendant Baird and asked why he lowered the scores. *Id.* at ¶ 2.43. Defendant Baird indicated that he lowered the scores because he believed the employees were "surplus" and he intended to terminate them. *Id.* Mr. Kelley told Defendant Baird that he thought his decision was unethical. *Id.* According to Mr. Kelley, Defendant Baird "responded heatedly." Dkt. # 13 at ¶ 2.43.

In early 2018, the employees filed an internal ethics complaint against Defendant Baird, alleging that the reduction in their performance scores was improper. Dkt. # 13 at ¶¶ 2.44-2.45. Boeing initiated an ethics investigation into both complaints and interviewed Mr. Kelley regarding Mr. Thornton's complaint. *Id.* at ¶ 2.48. Mr. Kelley told the investigator that he believed Defendant Baird acted unethically when he lowered

ORDER - 2

Mr. Thornton's performance score. *Id.* Boeing closed the investigation in May/June of 2018 and two months later, Mr. Kelley was terminated. *Id.* at ¶¶ 2.49-2.51.

Boeing cited several old Human Resources allegations as the basis for Mr. Kelley's termination. Dkt. # 13 at ¶ 2.54. Mr. Kelley contends that these complaints were never communicated to him and they are a pretext for the real retaliatory basis for his termination – the concerns he raised regarding Defendant Baird's misconduct. Dkt. # 13 at ¶ 3.15.

Mr. Kelley initially brought this suit in King County Superior Court, alleging wrongful termination against Boeing and Defendant Baird (collectively the "Defendants") and breach of implied contract, estoppel, and wrongful withholding of wages against Boeing. Dkt. # 1, Ex. A. Defendants later removed the case to federal court. Dkt. # 1. In the Notice of Removal, Defendants allege that removal is proper under 28 U.S.C. § 1332 even though Defendant Baird is a resident of Washington, because Defendant Baird was fraudulently joined. *Id.* Mr. Kelley filed an amended complaint, including additional allegations against Defendant Baird. Dkt. # 13. Defendants now move to dismiss the entirety of Mr. Kelley's amended complaint for failure to state a claim. Dkt. # 14.[1]

## II. DISCUSSION

The Court may raise the issue of subject matter jurisdiction *sua sponte* at any time during an action. *Allstate Indem. Co. v. Pacheco*, No. 3:14-cv-05366-KLS, 2014 U.S. Dist. LEXIS 150069, *11 (W.D. Wash. 2014); Fed. R. Civ. Proc. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Absent jurisdiction, any determination on the merits would be void. *Watts v. Pickney*, 752 F.2d 406, 409 (9th Cir. 1985).

---

[1] The court has received and reviewed Plaintiff's supplemental authority filed on the docket (Dkt. ## 21 and 26).

ORDER - 3

Here, it appears that Mr. Kelley and Defendant Baird are both residents of Washington. Diversity jurisdiction typically requires complete diversity, but "one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Defendants argue that the Court has subject matter jurisdiction over this matter because Defendant Baird is a fraudulently joined "sham defendant" and any claims against Defendant Baird should be dismissed. Dkt. # 1 at 4.

The "sham defendant" or "fraudulent joinder" doctrine is an exception to the requirement of complete diversity that permits removal where a non-diverse defendant has been "fraudulently joined." *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulent joinder is a term of art and does not require an ill motive." *Arden v. Property and Cas. Ins. Co. of Hartford,* No. C13-5296 BHS, 2013 WL 3421986 at *2 (W.D. Wash. July 8, 2013). Rather, joinder is deemed fraudulent where a plaintiff fails to state a cause of action against the resident defendant. *Id.*

A defendant can establish fraudulent joinder by demonstrating the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc)). "A merely defective statement of the plaintiff's action does not warrant removal[.]" *Albi v. St. & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944). "In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in the state court." *Id.*

Plaintiff advances three bases for his wrongful termination claim against Defendant Baird. Dkt. # 13 at 9-10. First, Plaintiff argues Defendants wrongfully discharged him in violation of RCW § 49.32.030, a Washington statute that protects the rights of non-unionized employees in wage disputes. Dkt. # 13 at ¶¶ 3.1-3.2. Next, Mr.

ORDER - 4

Kelley alleges that he was wrongfully discharged in violation of RCW § 49.58, a Washington statute prohibiting "employers from retaliating against employees who bring discrimination to light." Dkt. # 13 at ¶¶ 3.3-3.6. Finally, Mr. Kelley argues that the common-law exception to at-will employment – wrongful termination in violation of public policy – applies because he was terminated in retaliation for reporting employer misconduct. Dkt. # 13 at ¶¶ 3.7-3.15. Because the Court concludes that Mr. Kelley has pled sufficient facts to survive a motion to dismiss with respect to his wrongful termination in violation of public policy claim against Defendant Baird, the Court declines to consider the other bases for his wrongful termination claim.

### A. Wrongful Termination in Violation of Public Policy

As a general rule, employees in Washington work at-will, meaning they can be terminated for any reason that is not unlawful. *See Rose v. Anderson Hay & Grain Co.*, 358 P.3d 1139, 1141 (Wash. 2015). The tort of wrongful termination in violation of public policy is a narrow exception to the at-will employment rule. *See Thompson v. St. Regis Paper Co.,* 102 Wash.2d 219, 232 (1984). The tort generally has been limited to circumstances where an employee was fired for: (1) refusing to commit an illegal act, (2) performing a public duty or obligation, (3) exercising a legal right or privilege, or (4) in retaliation for reporting employer misconduct (i.e. whistle-blowing). *Dicomes v. State*, 113 Wash. 2d 612, 618 (1989). If an employee's claim falls within one of these categories, the employee must show his conduct was a "substantial factor" in the employer's termination decision. *Rickman v. Premera Blue Cross,* 184 Wash. 2d 300, 314 (2015), *as amended* (Nov. 23, 2015).

Here, Mr. Kelley alleges that his claim falls under the fourth category because he "reported employer misconduct" when he participated in Boeing's internal ethics investigation and reported Defendant Baird's unethical conduct. Dkt. # 13 at ¶¶ 3.11-3.12. Whether Mr. Kelley is entitled to whistle-blower protection depends, to some

ORDER - 5

extent, on: (1) the degree of alleged employer wrongdoing, and (2) the reasonableness of the manner in which [he] reported, or attempted to remedy, the alleged misconduct. *Dicomes,* at 619. While whistle-blowing does not require a violation of an explicit statutory requirement, it does require that the public benefit be more than remote and that the conduct be more than "merely praiseworthy from a subjective standpoint." *Id*. at 624 (1989).

The Court finds the Washington Supreme Court's decision in *Karstetter v. King Cty. Corr. Guild,* instructive. 444 P.3d 1185 (Wash. 2019). In that case the plaintiff, Jared Karstetter, was working for the King County Corrections Officers Guild when he was approached by the King County ombudsman's office regarding a whistle-blower complaint related to parking reimbursements for Guild members. *Id.* at 1187. Mr. Karstetter reported this to the Guild and was instructed to cooperate with the investigation. *Id.* at 1188. The Guild later consulted with an outside firm regarding the investigation and was advised to terminate Mr. Karstetter, which it did. *Id.* Mr. Karstetter sued the Guild alleging, among other things, wrongful discharge in violation of public policy. *Id.* The Guild moved to dismiss Mr. Karstetter's complaint for failure to state a claim. *Karstetter,* at 1188.

On appeal, the Washington Supreme Court reversed the Court of Appeals' dismissal of Mr. Karstetter's wrongful discharge claim. *Id.* at 1192. Specifically, the Court noted that Mr. Karstetter's claim fell squarely within the whistle-blower category of the *Dicomes* test and that as such, he was entitled to whistle-blower protection. *Id.* The Court rejected the Guild's argument that Mr. Karstetter did not qualify for whistle-blower protection because he only assisted with the investigation, noting that "[p]rotecting only those who directly reveal information w*hile sacrificing others who assist them* would unjustly narrow the scope of whistle-blower statutes and caution future whistle-blowers to think twice before helping other whistle-blowers." *Id.* (emphasis

ORDER - 6

added). Instead, the Court held that Mr. Karstetter's allegation that "he assisted the investigation of a whistle-blower complaint and … was fired for doing so" was sufficient to survive the motion to dismiss phase. *Karstetter*, at 1192.

Here, Mr. Kelley alleges that he was terminated because he raised concerns about his supervisor's unethical conduct and participated in an internal investigation into said conduct. Dkt. # 13 at ¶¶ 3.11-3.12. Mr. Kelley alleges that Defendant Baird knew he gave statements "accusing him of unethical conduct" in the internal investigation and that shortly after the investigation closed, he was terminated. Dkt. # 13 at ¶¶ 2.50-2.52. The fact that Mr. Kelley only participated in the internal investigation and did not independently report Defendant Baird's misconduct is not dispositive. *See Karstetter*, at 1192. Because the Court finds Mr. Kelley has pled a *prima facie* case of wrongful termination in violation of public policy against Defendant Baird, sufficient to survive a motion to dismiss, the Court concludes that it does not have subject matter jurisdiction over this action due to the lack of diversity jurisdiction under 28 U.S.C. § 1332.

## III. CONCLUSION

For the foregoing reasons, the Court declines to exercise jurisdiction over this matter due to a lack of subject matter jurisdiction. Defendant's Motion to Dismiss is terminated and the Clerk is directed to remand this action to King County Superior Court.

DATED this 30th day of August, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER - 7